72

Submitted on briefs May 21, ballot title approved June 13, 1974

KANGAS et al, *Petitioners, v.* MYERS, *Respondent.*

522 P2d 1389

Joseph F. Spenner, Stayton, filed a brief in propria persona for petitioners.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, Salem, filed a brief for respondent.

PER CURIAM.

This is an original proceeding in which petitioners request us to review a ballot title for an initiative petition to amend ORS 294.105, prepared by the Attorney General pursuant to ORS 254.060. Petitioners seek to amend ORS 294.105, as follows (bracketed language to be deleted, underscored language to be added):

"294.105 (1). The county expenditures, in [counties of 50,000 inhabitants or more,] any county shall [not exceed the amount authorized by law.] be confined to the amount of the annual levy therefor. Members of the county court or board of county commissioners, or any other county officials, who authorize, incur, cause, or create, or officially approve, any expense or liability for the county in excess of the amount [authorized by law for the] of the levy made for county expenditures, shall be jointly and severally liable, individually and personally, for the amount of such excess.

"(2) The county court or board of county commissioners in any county, [counties of 50,000 inhabitants, or more,] may, if it deems it necessary, order and direct a special levy to be made of not exceeding one-eightieth of one percent (.000125) of the true cash value of all taxable property within the county, computed in accordance with ORS 308.207, to raise funds to meet any unforeseen contingency, which in their judgment, should be dealt with in order to prevent serious loss or injury to the county. The funds thus raised shall be set apart and used for such contingency only."

The ballot title prepared by the Attorney General reads as follows:

"PROHIBITS COUNTY NON-PROPERTY TAX EXPENDITURE: This measure would pro-

hibit all counties from expenditure of funds from any source except the annual property tax levy, thus prohibiting use of state or federal funds such as state liquor revenues, the state highway fund, federal revenue sharing funds or funds from any other source."

██ Petitioners attack this title principally because they claim "[i]t fails to indicate the main purpose of the petitioners to retain a firm, honorable discipline against overspending" and because "[n]o prohibition of spending funds from any source is mentioned in the amending petition, so such funds may always be included in the budgets." These claims are without merit.

As to the first reason advanced by petitioners, it can be said that whatever the "main purpose" of petitioners' proposed amendment may appear to be to them, this purpose is not reflected in the amendment and it therefore need not be reflected in the ballot title. As to the second reason given by petitioners, the effect of the amendment, despite petitioners' contention to the contrary, would be as described in the ballot title so that the explanatory language is clearly proper.

We conclude that the ballot title fairly and clearly states the chief purpose of the petition and it is, therefore, upheld.